UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FIDUCIARY ASSERT MANAGEMENT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.4:07CV301 HEA |
| | ) | |
| JEFFREY O. SWOPE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Recovery of Costs of Service of Process, [Doc. 11], Plaintiff's Motion for Entry of Default and Grant of Default Judgment, [Doc. No. 18], and Defendant's Cross Motion to Dismiss, [Doc. No. 24]. For the reasons set forth below, the motions are denied.

## Facts and Background

Plaintiff filed this declaratory judgment action on February 12, 2007 seeking a declaration from this Court as to its obligations, if any, to Defendant, a former employee of Plaintiff.

In a letter dated January 2, 2007, Defendant sought payment of $14,000,000 to settle his claims for commissions and redemption of an alleged ownership interest in Plaintiff. Plaintiff responded to Defendant's letter on January 15, 2007, advising counsel for Defendant that, *inter alia*, payment would not be made. No further

action was taken by either party until the filing of this action on February 12, 2007.

Plaintiff attempted to secure a waiver of service from Defendant. On March 20, 2007, Plaintiff filed an unexecuted request for waiver of service. Alias Summons was issued March 22, 2007. On April 6, 2007 Summons was returned unexecuted and again, Summons was reissued. On June 1, 2007, an executed Summons was returned.

Defendant filed an action in the New York State Supreme Court on June 29, 2007. Plaintiff was named Defendant in this action. On August 1, 2007, Plaintiff removed Defendant's action to the Southern District of New York, based on diversity of citizenship.

Plaintiff now seeks default judgment and costs of service of process. Defendant objects and argues that this matter should be dismissed in light of his pending action in the Southern District of New York.

## **Discussion**

Each party in this matter fervently pursues its/his position with numerous affidavits averring that certain events occurred or didn't occur. In the final analysis, the Court concludes that this matter should proceed in the manner in which all other civil cases in this Court proceed, *i.e.*, in accordance with the Federal Rules of Civil Procedure and the spirit of cooperation and civility.

Rule 4(d) provides:

**(d) Waiver of Service; Duty to Save Costs of Service; Request to Waive.**

>**(1)** A defendant who waives service of a summons does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant.
>
>**(2)** An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) <u>and that receives notice</u> of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request
>
>>**(A)** shall be in writing and shall be addressed directly to the defendant, if an individual, or else to an officer or managing or general agent (or other agent authorized by appointment or law to receive service of process) of a defendant subject to service under subdivision (h);
>>
>>**(B)** shall be dispatched through first-class mail or other reliable means;
>>
>>**(C)** shall be accompanied by a copy of the complaint and shall identify the court in which it has been filed;
>>
>>**(D)** shall inform the defendant, by means of a text prescribed in an official form promulgated pursuant to Rule 84, of the consequences of compliance and of a failure to comply with the request;
>>
>>**(E)** shall set forth the date on which the

request is sent;

**(F)** shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent, or 60 days from that date if the defendant is addressed outside any judicial district of the United States; and

**(G)** shall provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing.

If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

**(3)** A defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent, or 90 days after that date if the defendant was addressed outside any judicial district of the United States.

**(4)** When the plaintiff files a waiver of service with the court, the action shall proceed, except as provided in paragraph (3), as if a summons and complaint had been served at the time of filing the waiver, and no proof of service shall be required.

**(5)** The costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.

Federal Rules of Civil Procedure Rule 4(d).(Emphasis added).

Plaintiff seeks recovery of costs of service because Defendant did not waive service of summons. Plaintiff has submitted it's certified receipt for the mailing of the Request for Waiver. Although it was accepted, the receipt does not clearly identify the recipient. Thus, the Court cannot ascertain from the receipt whether Defendant did in fact receive the notice. Defendant has submitted an affidavit which denies receipt; Plaintiff's affidavits do not controvert this representation.[1] The Motion for Costs is therefore denied.

Plaintiff also seeks default judgment. The Motion for Entry of Default and Grant of Default Judgment was filed on July 27, 2007. The Clerk's Entry of Default was docketed August 1, 2007, three business days after the motion was filed. Significantly, counsel for Defendant's Motion for Admission *Pro Hac Vice* was filed that same day. Under the Court's Local Rules, memoranda in opposition to motions are to be filed within five days. Furthermore, under the Federal Rules of Civil Procedure, weekends and holidays are not considered in the calculation and three additional days are added into the calculation. See Fed.R.Civ.P. Rule 6. The entry, therefore was entered prior to the time allowed for Defendant to respond. Defendant filed his opposition on August 6, 2007, within the time provided for a

---

[1] Although Plaintiff seeks imposition of costs partially by reason of the fact that counsel for Defendant would not waive or accept service for Defendant, Plaintiff has presented no authority which establishes that it is incumbent on counsel to do so.

response.  Defendant has, in fact, appeared in this matter, albeit, not within the time provided by the rules for a responsive pleading.  See, *infra* regarding service was effectuated.

Pursuant to Rule 55(c), the Court may set aside an entry of default for good cause.  Fed.R.Civ.P. Rule 55(c).  According to Defendant's affidavit, Defendant believed he had not been properly served.  While this belief has turned out to be incorrect, the Court believes, in the interest of resolving the issues present in this matter substantively, as opposed to technicalities of service,  that the entry of default should be set aside.

With respect to Defendant's claim that he has never been served, once again, the competing affidavits fail to conclusively resolve the issue.  Plaintiff utilized the "nail and mail" procedure allowed under the New York statutes.  Plaintiff attempted to serve Defendant at various locations to no avail.  The efforts detailed by Plaintiff reflect that Plaintiff did indeed exercise due diligence.  Although Defendant argues that he could have been served at his place of employment, Plaintiff justifiably thought it had an incorrect address for same.  Plaintiff's process server's affidavit avers that the Complaint and Summons were attached to Defendant's residence, and mailed to Defendant.  In response, Defendant avers that he "learned from the doorman at [his] building that a process server attempted to unlawfully enter the

building but was escorted out of the building by the New York City Police Department. [He] also learned from the doorman on shift at the time that any papers that were left behind by the process server were recovered by the doorman and provided to the New York City Police Department." As Plaintiff correctly argues, Defendant's affidavit is not based on personal knowledge of the events, rather, Defendant's "knowledge" is based solely on hearsay which is not admissible testimony. Moreover, the affidavit fails to controvert the unequivocal averments of Plaintiff's process server that he attached the papers to Defendant's apartment. Whether Defendant's affidavit is carefully crafted to avoid stating the location from which the papers were "recovered," *i.e.,* whether the doorman retrieved the papers from Defendant's door to his apartment or from some other place, or whether this was purely an oversight on the part of Defendant, the Court cannot determine. What can be determined, however, is that nothing presented by Defendant can overcome the clear and unequivocal averment of the process server that he: entered the building, proceeded to the elevator, took the elevator to the 8th floor, located the door for Defendant's apartment, and attached a copy of the Summons and Complaint to the front door. Thus, the papers were indeed "nailed" to Defendant's residence after several unsuccessful attempts to personally serve Defendant. The Court, therefore concludes that Defendant was served in accordance with New York

law on May 12, 2007.

Defendant's Cross Motion to Dismiss requires little discussion. Defendant's argument that the Court should ignore the "first filed" rule in favor of dismissal of this action, (or alternatively transfer to New York), itself ignores the glaring fact that this action was <u>not</u> filed first in a race to the courthouse. The record clearly establishes that Plaintiff responded to Defendant's demand letter by its own letter. Plaintiff did not immediately rush to the courthouse to foreclose Defendant's opportunity to file an action first. Subsequent to responding to Defendant's demand letter, Plaintiff waited a significant amount of time before bringing this declaratory judgment action. Tellingly, Defendant waited an even longer period of time before filing *his* action. Based on the circumstances surrounding the filing of the New York action, the Court is thoroughly satisfied that the first filed rule should not be abrogated.

## **Conclusion**

The Court has set forth its reasoning for denying the pending motions. The Court is confident that the tumultuous beginning of this case will not be a foreshadowing of the manner in which this case will proceed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Recovery of Costs of Service of Process, [Doc. 11], Plaintiff's Motion for Entry of Default and Grant of Default Judgment, [Doc. No. 18], and Defendant's Cross Motion to Dismiss, [Doc. No. 24], are DENIED.

Dated this 12th day of October, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE