UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FIDUCIARY ASSERT MANAGEMENT, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.4:07CV301 HEA |
| ) | |
| JEFFREY O. SWOPE, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| JEFFREY O. SWOPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.4:07CV1853 HEA |
| ) | |
| FIDUCIARY ASSET MANAGEMENT, LLC ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Consolidate this matter with Cause Number 4:07CV1853 HEA, [Doc. No. 42]. For the reasons set forth below, the Motion is granted in part and denied in part.

The parties agree that these matters should be consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure because these cases involve common questions of law and fact. They disagree however, as to the manner in which

responsive pleadings should be filed. Defendant seeks approval from this Court to, in essence be transposed into the plaintiff and render Plaintiff to the defendant position, asking the Court to relieve him from filing an answer to the Complaint and requiring Plaintiff to answer his Complaint that was filed in Cause Number, . Plaintiff, on the other hand disagrees with this position and urges the Court to require Defendant to answer its Complaint and file his counterclaim or alternatively, to answer the Complaint and deem the later filed Complaint as Defendant's counterclaims.

As the Court has previously held, Plaintiff's action was not filed in a "race to the courthouse." Defendant sent a demand letter to Plaintiff. Plaintiff responded and waited a significant amount of time before filing this action. Moreover, Defendant himself waited a substantial length of time before instituting his action in the New York Court. The Court believes that Plaintiff is entitled to pursue this first filed declaratory judgment action as Plaintiff, rather than as Defendant. Furthermore, Defendant should be required to answer the original Complaint. Were the Court to allow Defendant to merely ignore the declaratory judgment action and require Plaintiff to answer his Complaint the Defendant would be able to achieve that which the Court has already denied, *i.e.* dismissal of the declaratory judgment action and allowance of Defendant's subsequently filed

action to proceed.

Defendant will not be prejudiced by requiring him to answer the Declaratory Judgment Complaint. Indeed, Defendant is clearly free to file counterclaims in this action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Consolidate,[Doc. No. 42], is granted in part and denied in part.

**IT IS FURTHER ORDERED** that these cases are consolidated. All future filings shall be in Cause Number 4:07CV301 HEA.

**IT IS FURTHER ORDERED** that Defendant shall file his responsive pleading within 20 days from the date of this Order.

Dated this 2nd day of November, 2007.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE